## DANIELS *v.* BERNHARD.

## SAME *v.* HOWARD.

## SAME *v.* LEONARD.

## SAME *v.* WAKEFIELD.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 241, 242, 243, 244. Argued April 21, 1915.—Decided June 1, 1915.

Decided on authority of *Daniels* v. *Wagner*, *ante*, p. 547.

One who has complied with all necessary steps to obtain lieu lands under the Forest Reserve Act of June 4, 1897, is not confined to the remedy of mandamus against the Secretary of the Interior. He may proceed by action against the party to whom the patent was issued. *Osborn* v. *Froyseth*, 216 U. S. 571, distinguished.

205 Fed. Rep. 235, reversed.

THE facts are stated in the opinion.

*Mr. Harrison G. Platt*, with whom *Mr. Robert Treat*

*Platt* and *Mr. Hugh Montgomery* were on the brief, for appellant.

*Mr. J. H. Carnahan* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The printed argument for the appellant in these four cases was presented in the one brief embracing No. 239 and the other fourteen cases referred to in that case, but they were separately briefed for the appellees. The separate brief covers fifteen propositions of law, or it may be in some aspects of intermingled law and fact, each supported by a copious citation of authority. All but one or two of the propositions are directly or indirectly urged as a means of support for the possession by the Land Department of the discretionary power which the Department assumed it possessed, and the possession of which was sustained by the court below. As in No. 239 we have held that proposition to be without merit, it follows that there is no necessity for reviewing the propositions relied upon, as they present the subject in no new aspect. We say, however, without stopping to state and review them, that many of the propositions but enunciate elementary rules of construction about which there could be no dispute but which are inapplicable to the question here arising for decision.

Moreover, in concluding we observe that the proposition that *Osborn* v. *Froyseth*, 216 U. S. 571, established the doctrine that the sole remedy of the complainant under the circumstances here disclosed was to have proceeded by mandamus against the Secretary of the Interior when his final decision was rendered, finds no support on the face of the case relied upon and is absolutely in conflict with the elementary and settled doctrine to the contrary.

As these reasons, as well as those stated in No. 239, are conclusive that the demurrers in these cases should not have been sustained, it follows that the decrees sustaining the demurrers in these cases must be and they are reversed and remanded for further proceedings in accordance with this and the opinion in *Daniels* v. *Wagner, ante*, p. 547.

*Reversed.*